**GOMEZ LAW GROUP, P.C.**
ALVIN M. GOMEZ, ESQ. (SBN 137818)
STEPHEN N. ILG, ESQ. (SBN 275599)
2725 Jefferson Street, Suite 7
Carlsbad, California 92008
Telephone: (858) 552-0000
Facsimile: (760)720-5217
alvingomez@thegomezlawgroup.com

Attorney for Plaintiff DANIEL A. SKALKO

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| DANIEL A. SKALKO, | CASE NO.: '18CV0342 GPC NLS |
|---|---|
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES** |
| v. | |
| ROYAL CARIBBEAN CRUISES LTD., A LIBERIAN CORPORATION, and DOES 1 through 30, inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff DANIEL A. SKALKO alleges against Defendant ROYAL CARIBBEAN CRUISES LTD., A LIBERIAN CORPORATION doing substantial business in California as follows:

## I.    JURISDICTION AND VENUE

1. This is an action by for damages for personal injuries suffered while plaintiff was a guest and fare paying passenger aboard a cruise ship operating on navigable waters. Jurisdiction is vested in this court under 28 U.S.C. § 1332, in that there is complete diversity of citizenship between plaintiff and each of the defendants, none of the defendants being

1

1  citizens of the same state as plaintiff, and the amount in controversy
2  exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00),
3  exclusive of all interest and costs. In the alternative, this is an action by
4  for damages for personal injuries suffered while plaintiff was a fare
5  paying passenger aboard a cruise ship operating on navigable waters.
6  Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1333 and the
7  general maritime law of the United States, within the Admiralty
8  Jurisdiction of this Court, Plaintiff's claims arising from a tort which
9  occurred on board a vessel engaged in navigation on navigable waters.

10  2.   The venue is proper pursuant to the 28 U.S.C. § 1391(b)(3), as the Defendant is a resident of a foreign state with substantial business contacts within the County of San Diego.

## II.   GENERAL ALLEGATIONS

3.   At all times material herein, Plaintiff DANIEL A. SKALKO (hereinafter "Plaintiff") is an individual who resides in the County of San Diego, California.

4.   At all times material herein, Defendant ROYAL CARIBBEAN CRUISES LTD. (hereinafter "Defendant") was a Liberia corporation, organized and existing under the laws of Liberia and maintaining substantial business contacts in the County of San Diego, California.

5.   Plaintiff is unaware of the true names and capacities of Defendants Does 1 through 30, inclusive.  Plaintiff is informed and believe and thereon alleges that each fictitious Defendant was in some way responsible for the matters and things complained of herein, and in some fashion, have legal responsibility therefore.  When the exact nature and identity of each fictitious Defendant's responsibility for the matters and things herein alleged is ascertained by Plaintiff, he will seek leave to amend this complaint.

6. At all times material herein, Defendants and each one of them, owned, operated, maintained, controlled, and inspected the AZAMARA QUEST (hereinafter "Vessel") through its agents and employees, a passenger cruise vessel which Defendants utilizes to transport fare-paying passengers, guests, and business invitees on cruises on navigable waters of the United States and on the high seas.

7. Prior to the departure date, Plaintiff was a guest, business invitee and passenger for a cruise aboard the Vessel with a scheduled departure from San Diego, California on February 9, 2017 for a 13-day cruise throughout Mexico.

8. On February 17, 2017, while the Vessel was anchored in Cabo San Lucas, Plaintiff was aboard the Vessel as a fare paying passenger and business invitee , and was attending the Officer's BBQ that was being held on the pool deck.

9. While Mr. Skalko was sitting at a table on the deck, a steel ladder suddenly fell and hit him on the back of the head. The steel ladder was positioned behind a sheet of cloth, unsecured, and once the ship listed the ladder fell on top of Mr. Skalko, thereby striking his head and neck area. The ladder was placed in the position by the employees of Defendant and Defendant was responsible for the maintenance and securing of said ladder. The unsecured ladder was a dangerous condition created by Defendant.

10. As a direct and legal result of the incident alleged herein, including the dangerous condition created by Defendant, Plaintiff was hurt and injured in his health, strength, and activity, sustaining severe physical injury to his body, including, but not limited to Memory Loss, Neck Pain, Constant cracking of neck bones, Ringing in his left ear, Anxiety, Irritable, Depression, Sleepiness during the day, Claustrophobia,

Spot on his left eye- Vitreous Floater, Left eye feels constantly swollen, Redness/soreness of his left eye, Migraines, Dizziness, Falling from disorientation- room spinning, Migraine above left eye, Sensitive to lights, Nose bleeds, Loss of balance, hard to stand on left foot without assistance, Pain in his jaw, Difficulty chewing, Difficulty sleeping because of neck pain, and Blurred vision.

11. All of the injuries have caused and continue to cause Plaintiff physical and emotional pain and suffering.

12. Plaintiff is informed, believes and thereon alleges that some or all of the injuries will result in permanent damage, disability, pain, and suffering, causing general damages in an amount within the jurisdictional requirements of this Court.

13. As a further direct and legal result of the incident herein alleged, it was and continues to be necessary for Plaintiff to receive medical and/or psychological care and treatment. Plaintiff is informed and believes and thereon alleges that such care and treatment will be so necessary and for an indefinite time in the future. The cost of medical and/or psychological care and treatment is not known at this time and Plaintiff alleges as damages herein the amount of such cost according to proof at trial.

**FIRST CAUSE OF ACTION**

(Negligence – General Maritime Law – against all Defendants)

14. Plaintiff DANIEL A. SKALKO hereby re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 13, as though fully set forth herein.

15. As the owner and operator of the vessel, Defendant owed Plaintiff a duty to exercise reasonable care under the circumstances to avoid causing her personal injuries. Defendant had a further duty to warn

Plaintiff of any dangerous conditions which were known to Defendant or could have been known to Defendant by reasonable inspection

16. Defendant breached its duty of care to Plaintiff by, inter alia:

a. Inviting passengers, including Plaintiff, for Officer's BBQ to the pool deck of the Vessel that was dangerous and defective for a passenger occupying a sit as intended;

b. By failing to secure a steel ladder standing behind a piece of cloth and unseen to the passengers;

c. By failing to warn passengers, including Plaintiff, of the aforesaid dangerous condition; and

d. Creation of a dangerous condition.

17. As a direct and legal result of Defendant's breach of a duty of care owed to Plaintiff, Plaintiff was injured and suffered damages as alleged above.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff pray for judgment against Defendant ROYAL CARIBBEAN CRUISES LTD. as follows:

1. For general damages in excess of $75,000.00 and according to proof;

2. For medical expenses, past and future, according to proof;

3. For prejudgment interest;

4. For costs of suit; and

5. For other such relief as the Court may deem proper.

DATED: February 13, 2018    **GOMEZ LAW GROUP,**
By:
/s/Alvin M. Gomez
ALVIN M. GOMEZ, Esq.
Attorneys for Plaintiff

## DEMAND FOR TRIAL BY JURY

Plaintiff DANIEL A. SKALKO hereby demands a trial by jury.

DATED: February 13, 2018  **GOMEZ LAW GROUP,**
By:

/s/Alvin M. Gomez
ALVIN M. GOMEZ, Esq.
Attorneys for Plaintiff